**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DELSHANNON BLACKMER,**

Plaintiff,

**v.** **Case No. 26-CV-1179**

**STATE OF WISCONSIN, *et al.*,**

Defendants.

---

**ORDER**

---

On July 8, 2026, the court assessed an initial partial filing fee of $56.50 that was due on or before August 8, 2026. (ECF No. 5.) Plaintiff Delshannon Blackmer requests the court to allow him to proceed without paying the initial partial filing fee because he does not have the money in his prison trust account. (ECF No. 7.)

Federal law requires that any party filing a complaint must pay a filing fee of $350. 28 U.S.C. § 1914(a). It also requires a party filing a complaint to pay a $55 administrative fee. The law does *not* allow the court to waive the filing fee in full if the person filing the complaint is a prisoner. Rather, it says that if the court determines that the prisoner qualifies for *in forma pauperis* status, (a) the $55.00 administrative fee is waived, and (b) the court may allow the prisoner to pay the $350.00 by paying an initial partial filing fee followed by monthly installments until the $350.00 has been paid in full. The law requires the court to calculate the initial filing fee and the installments based on 20% of either the average monthly deposits

into the prisoner's account or the average monthly balance in the prisoner's account for the six months preceding the date the complaint was filed, whichever is greater. 28 U.S.C. § 1915(b).

The court's assessment of the $56.50 initial partial filing fee was calculated from information in the certified copy of Blackmer's prisoner trust account statement for the six-month period immediately preceding the filing of the complaint. (ECF No. 3.) The statement showed that Blackmer had an average monthly deposit in the account of $282.50 and that the average monthly balance was $79.32. Twenty percent of $282.50 is $56.50. (*Id.*)

The court's review of Blackmer's trust account statement reveals that he uses monies in his account to make phone calls and other purchases. Also, it shows that he receives regular deposits to the account. The Court of Appeals for the Seventh Circuit has instructed, "It is not enough that the prisoner lack assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when 'the prisoner has no assets and no means by which to pay the initial partial filing fee.' A prisoner with periodic income has 'means' even when he lacks 'assets.'" *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (*rev'd on other grounds Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)).

Based on his trust account statement, Blackmer has the means to pay the initial partial filing fee. Blackmer may pay the initial partial filing fee out of his release account. Blackmer did submit a $6.00 partial payment of his initial partial filing fee on August 6, 2026. As such, the court must receive the remaining $50.50

balance of the initial partial filing fee by September 21, 2026**.** If the court does not receive the remaining balance of the initial partial filing fee by September 21, 2026, it will dismiss this case without prejudice. If Blackmer does not want to pursue this lawsuit at this time, he does not need to take any further action.

**IT IS THEREFORE ORDERED** that Blackmer's motion to waive the initial partial filing fee (ECF No. 7) is **DENIED.** Blackmer must pay the initial partial filing fee of $56.50 by **September 21, 2026**. If the court does not receive the initial partial filing fee by that date, it will dismiss this case without prejudice based Blackmer's failure to pay the initial partial filing fee. If Blackmer no longer wants to pursue this case, he does not need to take any further action.

Dated in Milwaukee, Wisconsin this 20th day of August, 2026.

BY THE COURT

William E. Duffin

WILLIAM E. DUFFIN
United States Magistrate Judge